**HINCKLEY, ALLEN & SNYDER LLP**
Laurel M. Rogowski, Esq. (No. 5238050)
28 State Street
Boston, MA 02109
Telephone: 617-345-9000
Facsimile: 617-345-9020
lrogowski@hinckleyallen.com

Craig M. Scott, Esq. (admitted *pro hac vice*)
100 Westminster Street, Suite 1500
Providence, RI 02903
Telephone: 401-457-5124
Facsimile: 401-277-9600
cscott@hinckleyallen.com

Paige A. Jones, Esq. (admitted *pro hac vice*)
30 South Pearl Street, Suite 1100
Albany, NY 12207
Telephone: 518-396-3100
Facsimile: 518-396-3101
pjones@hinckleyallen.com
*Attorneys for Plaintiff*
*Dreams USA, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DREAMS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HIPPERS.CO, <br><br> Defendant. | Case No. 1:25-cv-03860 |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiff Dreams Inc. USA ("Plaintiff" or "Dreams") moved *ex parte* on May 8, 2025 against Defendant Hippers.co for the following relief: (1) an order granting an *ex parte* temporary restraining order pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65(b); (2) an

order authorizing bifurcated and alternative service; (3) an order authorizing expedited discovery pursuant to Fed. R. Civ. P. 26(d); (4) an order restraining Defendant's Hippers.co internet storefront and financial assets; (5) an order permitting the seizure of Defendant's counterfeit and infringing merchandise; (6) an order setting bond; and (7) an order directing Defendant to show cause why a preliminary injunction should not issue;

**WHEREAS**, on May 9, 2025, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendant to appear on May 21, 2025 at 2:00 p.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing")[1];

**WHEREAS,** on May 9, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, and all papers filed in support of the Application on Defendant;

**WHEREAS**, on May 12, 2025, pursuant to the terms of the TRO, Plaintiff posted a $25,000 bond as security; and

**WHEREAS**, on May 21, 2025 at 2:00 p.m., Plaintiff appeared by telephone at the Show Cause Hearing.  Defendant did not appear either by telephone or in person.

## ORDER

The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

Accordingly, Defendant Hippers.co, its affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them are hereby restrained and enjoined from engaging in

---

[1] The TRO also set a deadline of 5:00 pm EDT on May 16, 2025 for Defendant to serve any answering papers. Defendant did not serve any answering papers by this deadline or otherwise to date.

any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

1. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing or Counterfeit Products, or any other products bearing the SONNY ANGEL®[2], SMISKI®[3], or HIPPERS®[4] Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, or identical to Dreams IP[5];

2. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or Dreams IP, to identify any goods or service not authorized by Plaintiff;

3. using Plaintiff's SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or Dreams IP and/or any other artwork that is substantially similar to the SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or Dreams IP, on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

4. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval

---

[2] U.S. Trademark Registration No. 6,663,607.
[3] U.S. Trademark Registration No. 5,225,371.
[4] U.S. Trademark Registration No. 7,630,393.
[5] The SONNY ANGEL® Mark, U.S. Copyright Registration No. VA 2-380-715 ("Sonny Angel Toy Copyright"), related trademarks, artwork, characters, and other distinctive elements of the Sonny Angel Toy, the SMISKI® Mark, U.S. Copyright Registration No. VA 2-387-799 (the "Smiski Toy Copyright"), related trademarks, artwork, characters, and other distinctive elements of the Smiski toy, and the HIPPERS® Mark.

of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Plaintiff;

5. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Website or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

6. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

7. linking, transferring, selling and/or operating Defendant's Website; and

8. knowingly instructing any other person or business entity to engage in any of the activities referred to above.

**IT IS FURTHER ORDERED THAT**, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendant, its officers, directors, owners, agents, employees, representatives, successors, or assigns, and all persons acting in active concert or in participation with any of them, or receiving actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from transferring, withdrawing, or disposing of any money or other asset into or out of accounts held by, associated with, or utilized by the Defendant until further ordered by this Court.

**IT IS FURTHER ORDERED THAT**, any banks, savings and loans associations, payment processors or other financial institutions for the Defendant, receiving actual notice of this Order by personal service or otherwise, shall immediately locate all accounts held by or connected with Defendant, and any such accounts shall be restrained and enjoined from transferring or disposing of any assets in those accounts until further ordered by this Court.

**IT IS FURTHER ORDERED THAT**, Defendant's counterfeit and infringing merchandise may be seized by the U.S. Marshals or other law enforcement agencies with jurisdiction.

## BOND

**IT IS FURTHER ORDERED THAT**, the $25,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is modified or terminated.

## ALTERNATIVE SERVICE

**IT IS FURTHER HEREBY ORDERED THAT**, as good cause has been shown, service is effective on Defendant by delivery of a PDF copy of this Order via email to hi@hippers.co and adben6@caramail.com.

**IT IS FURTHER HEREBY ORDERED THAT**, as good cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendant, and any third party service providers and/or financial institutions acting in concert with Defendant, through the pendency of this action.

**IT IS FURTHER ORDERED**, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, any newly discovered financial institutions served with this order shall identify any and all of Defendant's financial accounts, and provide Plaintiff's

counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant, including contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts and confirmation of said compliance with this Order.

**IT IS FURTHER ORDERED**, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, any newly discovered third party service providers or merchant hosting platforms hosting Defendant's Hippers.co website, must provide Plaintiff's counsel with a summary report, which shall include, at a minimum, identifying information for Defendant's Website (i.e. URLs), contact information for Defendant (including but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

**IT IS FURTHER ORDERED**, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all financial institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to

    a.    account numbers;

    b.    current account balances;

    c.    any and all identifying information for Defendant and/or Defendant's Websites, including, but not limited to, names, addresses and contact information;

    d.    any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

  e. any and all deposits and withdrawals during the previous year from each and every one of Defendant's financial accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

  f. any and all wire transfers into each and every one of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

  **IT IS FURTHER ORDERED**, as sufficient cause has been shown, that:

  1) Within fourteen (14) days of receipt of service of this Order, newly discovered third party service providers hosting or servicing Defendant's website shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's Website, including, but not limited to, documents and records relating to:

  a. account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendant has ever had and/or currently maintain with the third party service providers that were not previously provided;

  b. the identities, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided;

  c. the nature of Defendant's business(es) and operation(s), methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's Website, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's financial accounts with any and

all financial institutions associated with Defendant's Website; and

    d.    Defendant's manufacturing, importing, exporting, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Dreams IP and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Dreams IP.

**IT IS FURTHER ORDERED THAT**, pending the final disposition of all claims in this action, Defendant shall preserve all documents, electronically-stored information, and/or tangible things that may be relevant to the subject matter of, or reasonably calculated to lead to the discovery of admissible evidence in, this action or any of the claims asserted herein and maintain them in an accessible form and place.

Defendant is hereby given notice that it may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendant or by any persons in active concert or participation with Defendant who has actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

This Order shall remain in effect during the pendency of this action, or until further Order of the Court.

SO ORDERED, this day of May 22, 2025

_____
HON. EDGARDO RAMOS
United States District Court Judge
New York, New York