UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DREAMS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HIPPERS.CO, <br><br> Defendant. | Case No. 1:25-cv-03860 <br><br> **DEFAULT JUDGMENT** |

THIS CASE having been commenced by Plaintiff Dreams USA, Inc. ("Plaintiff") against Defendant Hippers.co ("Defendant"), and Plaintiff having applied for entry of Default Judgment against Defendant; and

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defendant that included an asset restraining order; and

Plaintiff having properly completed service of process on Defendant via email as authorized in the temporary restraining order and preliminary injunction; and

Defendant not having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired; and

**THIS COURT HAVING FOUND** that it has personal jurisdiction over Defendant because it directly targeted the business activities that are the subject of Plaintiff's claims toward consumers in the United States, including New York, by offering to sell and ship products into this Judicial District and, more specifically, reaching out to do business with residents of Manhattan by advertising a pop-up retail location in this District; and

**THIS COURT HAVING FOUND** that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), willful federal copyright infringement (17

U.S.C. §§ 101 *et seq.*), unfair competition and false designation of origin (15 U.S.C. ¶ 1125(a)), cybersquatting (15 U.S.C. ¶ 1125(d)), and related state and common law claims; now therefore

**IT IS HEREBY ORDERED** that Plaintiff's application for entry of Default Judgment is **GRANTED** in its entirety, that Defendant is deemed in default, and that this Final Judgment is entered against Defendant.

Accordingly, this Court **ORDERS**:

**A. Permanent Injunctive Relief:**

1. Defendant, its affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them are permanently restrained and enjoined from engaging in any of the following acts or omissions:

    a. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products as defined in the Complaint, or any other products bearing the SONNY ANGEL®[1], SMISKI®[2], or HIPPERS®[3] Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, or identical to Dreams IP[4];

    b. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or Dreams IP, to identify any goods or service not authorized by Plaintiff;

---

[1] U.S. Trademark Registration No. 6,663,607.
[2] U.S. Trademark Registration No. 5,225,371.
[3] U.S. Trademark Registration No. 7,630,393.
[4] The SONNY ANGEL® Mark, U.S. Copyright Registration No. VA 2-380-715 ("Sonny Angel Toy Copyright"), related trademarks, artwork, characters, and other distinctive elements of the Sonny Angel Toy, the SMISKI® Mark, U.S. Copyright Registration No. VA 2-387-799 (the "Smiski Toy Copyright"), related trademarks, artwork, characters, and other distinctive elements of the Smiski toy, and the HIPPERS® Mark.

c. using Plaintiff's SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or Dreams IP and/or any other artwork that is substantially similar to the SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or Dreams IP, on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

d. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Plaintiff;

e. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Website(s) or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

f. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

g. linking, transferring, selling and/or operating Defendant's Website(s); and

    h.  knowingly instructing any other person or business entity to engage in any of the activities referred to above.

2. Defendant and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to PayPal, Inc. ("PayPal"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), and Shopify (USA), Inc., Shopify International Ltd., and/or Shopify Payments (USA) Inc. ("Shopify") and their related companies and affiliates on which this court imposed restraints under the Preliminary Injunction, are ordered to release to Plaintiff the funds restrained to satisfy the monetary judgments.

### B. Monetary Damages:

Because it would serve both the compensatory and punitive purposes of the Lanham Act's and the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages awards requested in its papers supporting default judgment, the Court finds that such awards are reasonable and awards Plaintiff statutory damages against Defendant in the following amounts, for which let execution issue:

    a.  $425,000 pursuant to 15 U.S.C. § 1117(c)&(d); and

    b.  $60,000 pursuant to 17 U.S.C. § 504(c).

### C. Release of Bond:

The bond posted by Plaintiff in the amount of $25,000.00 is ordered to be released by the Clerk.

### D. Continuing Jurisdiction:

This Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Default Judgment.

The Court orders execution to issue for this judgment.

The Court denies all relief not granted in this judgment.

This is a FINAL JUDGMENT.

**SO ORDERED** this 12th day of November, 2025.

                                              HON. EDGARDO RAMOS
                                              United States District Court Judge
                                              New York, New York